UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Bernard Brown, | ) C/A No. 6:09-2632-JFA-WMC |
|---|---|
| Plaintiff, | ) |
| vs. | ) **REPORT AND** |
|  | ) **RECOMMENDATION** |
| Major Phillip Anderson; Sgt. Holztclaw, | ) |
| Defendants. | ) |

The plaintiff, Bernard Brown ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is detained at the Greenwood County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names employees of the detention center as defendants.[2] The complaint claims a "failure to provide safety for inmates." Plaintiff alleges he fell while trying to climb into the top of a six foot high bunk bed and sustained a head injury by falling into a metal table. He alleges there are "no ladders, ropes, or nothing" providing "a way to get into" the top bunk of the bed. Plaintiff seeks monetary damages, as well as a change in the "dangerous bed system." The complaint should be dismissed for failure to state a claim upon which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915;

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i-iii).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the

2

pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Discussion

Plaintiff files a civil rights action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint alleges the defendants failed to provide a safe way for Plaintiff to get into the top bunk of a six foot high bunk bed, which caused him to fall and sustain a head injury. A § 1983 claim must be based on violation of federal rights, either a right protected by the U.S. Constitution or a United States law. The facts alleged, at most, present a claim based on state law for negligence. Negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 238-36 & n. 3 (1986); *Ruefly v. Landon*, 825 F.2d 792, 798-94 (4th Cir.1987); and *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir.1995). Violations of duties of care arising under state law, such as negligence, do not impose liability under § 1983. *DeShaney v. Winnebago Dep't. of Social Services*, 489 U.S. 189, 200-03 (1989).

In as much as Plaintiff is attempting to claim deliberate indifference to his safety, his claim also fails.[3] Deliberate or callous indifference on the part of prison officials to a specific known risk of harm can state violation of a constitutional right. *Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir.1987). The complaint, however, has no allegations that the named defendants were deliberately indifferent or that they had knowledge of a specific risk of harm to Plaintiff. Even if it could be inferred that the defendants had general knowledge that an inmate could possibly slip and fall in attempting to get into a bunk bed, that is not deliberate indifference to a specific risk to Plaintiff that rises to the level of a constitutional violation. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994) ("the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." ). In fact, the complaint not only fails to allege specific knowledge of the defendants, it fails to allege any personal involvement of the defendants at all. The complaint fails to state a claim under § 1983 and should be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii) (dismissal for failure to state a claim on which relief may be granted).

## Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint in this case *without prejudice* and without issuance and service of process.

November 16, 2009  
Greenville, South Carolina

s/William M. Catoe  
United States Magistrate Judge

**Plaintiff's attention is directed to the important notice on the next page**.

---

[3] The deliberate indifference standard set forth in *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), is applicable to pretrial detainees. *Whisenant v. Yuam*, 739 F.2d 160, 164 (4th Cir. 1984).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).